<u>NOT FOR PUBLICATION</u>                          [Docket Nos. 5 and 8]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TINA M. SCHAEFFER, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>EGG HARBOR TOWNSHIP, et al.,<br><br>        Defendants. | Civil No. 07-5022(RMB)<br><br>**OPINION** |

Appearances:

Mark J. Molz, Esquire
1400 Route 38 East
P.O. Box 577
Hainesport, New Jersey 08036
(609) 267-8884
    Attorney for Plaintiffs

Thomas B. Reynolds, Esquire
Reynolds, Drake, Wright & Marczyk
A Professional Corporation
29 North Shore Road
Absecon, New Jersey 08201
(609) 645-7406
    Attorney for Defendants Egg Harbor Township and
    Egg Harbor Township Police Department

James T. Dugan, Esquire
Atlantic County Department of Law
1333 Atlantic Avenue, 8th Floor
Atlantic City, New Jersey 08401
(609) 343-2279

    Attorney for Defendants Officer Platt, Atlantic County Jail
    and Atlantic County

**BUMB**, United States District Judge:

The Complaint in this matter alleges that on or about September 25, 2005, Plaintiff Tina M. Schaeffer's constitutional rights were violated when she was taken into custody at the Atlantic County Justice Facility. Plaintiff alleges that Defendant Officer Platt illegally arrested her pursuant to a warrant that had been removed from the warrant list because she had completed her case at the County level and had obtained pre-trial intervention and the charges were dismissed. Plaintiff alleges violations of 18 U.S.C. § 1983 against Officer Platt, Egg Harbor Township, Egg Harbor Township Police Department, Atlantic County Jail, and Atlantic County.

To state a claim for relief under 18 U.S.C. § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

The law is well-settled that a section 1983 claim may be brought only against a "person." See, e.g., Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). Here, Plaintiff's claims against Egg Harbor Township Police Department and Atlantic County Jail must be dismissed because

2

they are not "persons" capable of being sued under section 1983.

In addition, local government units generally are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n. 8 (1985); Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  Here, Plaintiff alleges that Defendants Egg Harbor Township and Atlantic County were deliberately indifferent and failed to remove inactive warrants, such as the one at issue.  As a result of this "custom," Plaintiff argues that Plaintiff's constitutional rights were violated.  Plaintiff further argues that because there has been no discovery on her allegation of an illegal custom or policy, summary judgment must be denied.  This Court agrees.

A cause of conduct by a governmental entity may be considered a custom when, though not authorized by law, such practices are so permanent and well-settled as to virtually constitute the law.  Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990).  Custom may be established by evidence of knowledge and acquiescence.  See Fletcher v. O'Donnell, 867

F.2d 791, 793 (3d cir. 1989).  Because there has been no discovery on this issue, Defendants are not entitled to summary judgment.  Plaintiff's claim for punitive damages cannot be dismissed at this time either.  See Springer v. Henry, 435 F.3d 268, 282 (3d Cir. 2006) ("[a] jury may award punitive damages when if finds reckless, callous, intentional or malicious conduct.").  Thus, summary judgment will be denied as premature as to punitive damages.

Defendants Officer Platt, Atlantic County, and Egg Harbor Township also move for summary judgment on the grounds of judicial estoppel.  These Defendants argue that because the Plaintiff failed to mention the existence of this civil litigation in her Bankruptcy Court filings, she is judicially estopped from pursuing this cause of action.  Specifically, Defendants argue that when Plaintiff was asked to list "other contingent and unliquidated claims of every nature", Plaintiff responded "NONE" when, in fact, she should have listed the current litigation.

Judicial estoppel prevents a party from "playing fast and loose with the courts" by adopting conflicting provisions in different legal proceedings.  Delgrosso v. Spang & Co., 903 F.2d 234, 241 (3rd Cir. 1990).  In order for the doctrine of judicial estoppel to apply, the party must have taken two positions that are irreconcilably inconsistent.  See id.  Thus, the question

4

here is whether the Plaintiff has taken two inconsistent positions or has merely, as the Defendants allege, made a false statement before the Bankruptcy Court. The Court finds that there are no irreconcilable inconsistencies but rather, even assuming the allegation to be true, the Plaintiff was simply not candid with the Bankruptcy Court. Thus, it cannot be said, as Defendants allege, that the Plaintiff has played fast and loose with both the Bankruptcy Court and this Court. As such, the doctrine of judicial estoppel does not apply.

Accordingly, for these reasons, the Defendants' motions for summary judgement will be denied on this ground.

An accompanying Order shall issue.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Dated: April 30, 2008